UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WARNER BROS. RECORDS INC., a
Delaware corporation, et al.,

    Plaintiffs,

v.

ANGELA PATNODE,

    Defendant.
_____/

File No. 2:06-CV-160

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant Angela Patnode's motion for an installment payment order. (Dkt. No. 27.) Defendant seeks an order allowing installment payments in the amount of $200.00 each month and suspending Plaintiffs' garnishment efforts.

Rule 64 of the Federal Rules of Civil Procedure provides that state garnishment procedures may be used to secure satisfaction of a federal court judgment, subject to any applicable federal statute. Michigan law permits garnishment of personal property to satisfy a judgment. Mich. Comp. Laws § 600.4011. Federal law limits garnishments to a maximum of 25% of disposable earnings each week, unless the debtor earns minimum wage or near minimum wage. 15 U.S.C. § 1673. Michigan Court Rule 3.104(a) provides that "[a] party against whom a money judgment has been entered may move for entry of an order permitting

the judgment to be paid in installments" in accordance with Mich. Comp. Laws. § 600.6201 *et seq.* Section 600.6201 permits the Court to "make a written order permitting the defendant to pay the judgment in installments, at such times and in such amounts as in the opinion of the judge, the defendant is able to pay." Mich. Comp. Laws § 600.6201(1). Whether to permit an installment judgment is a matter within the discretion of the court. *Id.* (providing that the judge "may" permit payment in installments); *Ins. Co. of N. Am. v. Dynamic Constr. Co.*, Nos. 93-1640, 93-2105, 1995 WL 7956, at *2 (6th Cir. Jan. 9, 1995) ("The granting of permission to pay in installments is discretionary with the judge.").

A judgment was entered against Defendant in the amount of $9,700 on September 11, 2006. (Dkt. No. 7.) On April 13, 2009, the Court issued a writ of periodic garnishment to Defendant's employer, Michigan Technological University. (Dkt. No. 18.) On December 7, 2009, the Court issued a second writ of periodic garnishment to Michigan Technological University. (Dkt. No. 32.)

Defendant asserts in her verified motion that she has no funds to pay the judgment other than wages, and that $200 is the most she can afford to pay at this time. Defendant's verified motion and supporting documentation reveal: that her average pay is $1,856 per month; that she receives additional income of approximately $400 per month in child support; that she has four children; and that she has monthly expenses including a mortgage of $720, day care of $220, groceries of $400, a car loan of $225, as well as additional

expenses for gas, school lunch, and medical costs. Defendant contends that she has been unsuccessful in her efforts to work out a payment arrangement with Plaintiffs.

Although Plaintiffs have not challenged any of the facts asserted by Defendant, they oppose Defendant's request for an installment judgment because Defendant has not made any payments toward the judgment balance, which, as of August 19, 2009, was in excess of $10,989.00, and because Defendant's proposed installment payment is half of what Plaintiffs are entitled to garnish and will lengthen the recovery period from approximately two years to more than five years. (Dkt. No. 29, Pl.'s Resp.)

The Court would be more sympathetic to Defendant's request for installment payments had she voluntarily made some payments toward the judgment. Nevertheless, upon review, the Court concludes that Defendant is unable to pay more than $200 per month toward the judgment. The Court will accordingly enter an order allowing Defendant to make installment payments of $200 per month on the judgment and will stay garnishment during the period that Defendant complies with the installment order. Defendant shall transmit payments to Plaintiffs' attorneys. Defendant is on notice, however, that the stay of garnishment will be lifted if Defendant fails to comply with the terms of the installment judgment.

An order consistent with this opinion will be entered.

Dated: February 5, 2010                      /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    UNITED STATES DISTRICT JUDGE